# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DARREN NEESE,**

      **Plaintiff,**

**v.**                                        Case No:   6:14-cv-474-Orl-18DAB

**STATE OF FLORIDA, COUNTY OF VOLUSIA, VOLUSIA COUNTY SHERIFF, VOLUSIA CLERK OF COURT, SEVENTH CIRCUIT FAMILY COURT, R.J. LARIZZA, IVY HAWN CHARTER SCHOOL and JENNIFER NEESE,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** Motion for Leave to Proceed in forma pauperis (Doc. No. 2)
>
> **FILED:** March 21, 2014
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED and the Petition for Temporary Injunction (Doc. 1) be dismissed**.

The *pro se* Plaintiff, apparently unhappy with certain state court proceedings, filed a Petition for Temporary Injunction (Doc. 1) against the state of Florida, various county and state court Defendants, a charter school, and Jennifer Neese, his wife. In the instant motion, he seeks to

proceed as a pauper. For the foregoing reasons, the motion should be denied and the Petition dismissed.

Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). Critical to this analysis is a showing that the claim is within the limited jurisdiction of this federal court. *See Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark,* 915 F.2d at 639 (internal citation omitted). Moreover, the district court may dismiss a complaint under Section 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id.* at 640. "When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id.* at 641, fn.2. "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips*, 746 F.2d at 785, *citing Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

In evaluating a complaint under Section 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed 2d 1081 (2007). Nonetheless, as the Supreme Court has noted:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544] at 570, 127 S.Ct. 1955, [167 L.Ed. 2d 929, 2007]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*

*Ashcroft v. Iqbal,* 556 U.S.662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic*, 550 U.S. 544, 555.

Applied here, Plaintiff contends that an order of protection against domestic violence entered by a state court judge is "a void order" and seeks an Order from this federal court "keeping Respondents from attempting to enforce or act upon the domestic violence injunction." He notes that there is a state appeal court process pending, but he "will mostly likely wait months, if not over a year to have the order overturned." To the extent this pleading is a Complaint, it does not state a cause of action within the limited jurisdiction of this court.

"Federal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260-61 (11th Cir.2000) (citing *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 409-10 (11th Cir.1999)). The party seeking to litigate in federal court bears the burden of

establishing such jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). A federal court must inquire *sua sponte* into the issue of jurisdiction when it appears that jurisdiction may be lacking. *Morrison, supra*, 228 F.3d at 1261. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3).

The Court has no jurisdiction to relieve Plaintiff from a judgment rendered in a court of competent jurisdiction. To the extent Plaintiff purports to challenge the final decision of the state court in what the Court assumes to be a family court proceeding, he runs afoul of the *Rooker-Feldman* doctrine, which provides that no federal court other than the United States Supreme Court may conduct an appellate review of a state court decision unless Congress specifically permitted it to do so. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "The *Rooker–Feldman* doctrine places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation." *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir.2001). It precludes "lower federal courts ... from exercising appellate jurisdiction over final state-court judgments." *Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir.2009) (citation and internal quotation marks omitted); *see Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir.2009) (per curiam) ("The *Rooker – Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court."). The doctrine applies in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L.Ed.2d 454

(2005). The Court finds that is precisely the case here. As such, to the extent Plaintiff is seeking to invalidate the orders and judgments entered by the state court in cases which are now on appeal in the state appellate court, the Court finds it is without jurisdiction to do so.

As no other cause of action is identified, and there is no plausible set of facts that would provide jurisdiction for the relief Plaintiff seeks in this Court,[1] it is **respectfully recommended** that the motion be **denied** and the Complaint/Petition be **dismissed, with prejudice.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 25, 2014.

_David A. Baker_
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[1] As there is no federal question that can be presented in this family law matter, and diversity jurisdiction cannot be sustained on these facts, the Complaint is not amenable to amendment.